*Corporation Counsel,* for plaintiff in error.

*Amos Dye* and *S. N. Maxwell, contra.*

---

# CONTRACT—EVIDENCE.

[Fulton Circuit Court.]

## Anson W. Van Arsdale v. Levi W. Brown.

1. PARTIES TO A WRITTEN CONTRACT CANNOT TESTIFY AS TO THEIR UNDERSTANDING OF IT.

   In an action based upon a written contract, it is incompetent for the parties to such contract to testify as to what was their understanding of it; and it is especially incompetent to allow them to testify to an understanding which clearly contradicts the plain terms of such contract, and, therefore, it is error to admit such testimony.

2. A STIPULATION TO TRANSFER STOCK, IMPORTS THAT THE STOCK IS OF SOME VALUE.

   A stipulation or agreement to transfer the stock of a corporation, whether solvent or insolvent, imports that the stock is of some value, and for the purpose of making a binding contract it is not important how valuable.

3. INTERPRETATION OF CONTRACT AS TO TIME OF PAYMENT.

   Where the owner and holder of stock in a corporation agrees to transfer such stock to a person designated by the buyer, and the latter agrees to pay for the same in installments "at his option as to time" after a date on which such installments begin to draw interest, means that such installments are to be paid within a reasonable time after the date named when such installments begin to draw interest.

4. QUESTION OF REASONABLE TIME—BY WHOM DECIDED.

   Whether the question as to what is a reasonable time is to be ascertained by the jury or as in this case, by the court, from the facts, or whether it is a question of law, depends upon the nature of the transaction involved in the contract.

Van Arsdale v. Brown.

5. PLAINTIFF WAS ENTITLED TO RECOVER.

The plaintiff in this case was entitled to recover upon this contract when he proved that he had transferred the stock to the defendant, regardless of whether the stock was valuable or not, and regardless of whether it was understood or agreed orally that payment should be made when the company was making money and this evidence admitted, tended to vary the terms of the contract sued upon.

KING, J.

This action was brought in the court of common pleas, to recover upon a certain contract, called in the petition a writing obligatory, the material points are in these words:

"WAUSEON, OHIO, January 1, 1895."

"Whereas the organization or venture of the Hall Medicine Company has thus far been unsuccessful and whereas Anson W.'Van Arsdale has lost some money thereby; now therefore in consideration of the said Van Arsdale making over or causing to be made over, to my son, Charles N. Brown, all the right. title and interest he or his wife may have in the company and all its property, except one share of stock of the same, of the nominal value of fifty dollars, held by him or his wife, I promise to pay, at my option as to time after one year, three hundred and fifty dollars, with interest after January 1, 1896, and also under the same conditions and the same option as to time of payment, after two years I agree to pay Van Arsdale the further sum of three hundred and fifty dollars with interest after January 1, 1897."

There is a further provision in this contract that if the business is successful Van Arsdale shall have seventy-five dollars worth of medicine manufactured or stock to the par value of one hundred dollars.

The petition further averred that on June 2, 1897, defendant paid forty dollars and on September 16, 1897, twenty-five dollars, to apply upon the said contract.

The answer admitted that defendant signed the writing and admitted the two several payments, but denies all of the other allegations of the petition. There is a cross-petition or counter-claim in the answer, which is unnecessary to notice.

The trial of the case resulted in a judgment for the defendant, which the plaintiff seeks here to reverse. The case was tried to the court below without a jury and was tried and decided upon the theory as indicated by the rulings upon the evidence offered, and by the decision of the court that it was incumbent upon the plaintiff to allege and prove that he performed the conditions of the contract on his part, by turning over the stock in accordance with its requirements, and that the stock agreed to be transferred was of value. It will be noticed that there is no allegation in the answer that the stock was valueless. The answer simply denies that the plaintiff has performed the conditions on his part to be performed. In the course of the trial defendants being upon the witness stand was asked this question, which appears on page 35 of the bill of exceptions: "What, if any other talk did you have with him (plaintiff) at any time since January 1, 1895, about the company, and what was the conversation?" This question was objected to and overruled and plaintiff excepted. A. "Why, we talked a part of the time about the prospects of the company and about its getting on its feet and getting up and making money."

Some further testimony follows this along the same line, and then this question and answer appears on page 36: "Was there any talk at

any time about your not paying the money until the company got on its feet?" This question was objected to, overruled, and excepted to by the plaintiff. A. "Why, at the time this was made and given, a talk was had between Mr. Van Arsdale and myself about the company. I said to Mr. Van Arsdale, put it in that way, that he should have what money he put in there. Pending the re-habilitation of it, it was turned over to a brother-in-law and I-think he perfectly well understood." Q. "Not what you think?" A. "Well, I understood it. Our conversation was such that it was my understanding. I understood that when the money was made out of the company, that is, if it could be made out of the company that he was to have his pay, but if it could not be made, after the rehabitation of the company, I was to pay it." There is considerable more in his examination along this line.

There was no defense set up in the answer of a different agreement having been made subsequent to the one sued upon, and as I have already stated no defense that the conditions of the promise to pay the seven hundred dollars had failed.

We are of opinion that the court erred in the admission of the testimony which I have read, to which there are objections. There is considerable more of the testimony that if objected to, should have been excluded. It was incompetent for the parties to testify what was their understanding of this contract and especially incompetent to testify to an understanding which clearly contradicts its plain terms.

It was claimed, by the defendant at the trial, that this contract was not binding upon him, because there was no time fixed when he should pay the seven hundred dollars. The stipulation is that he was to pay it at his option as to time, after a date named, from which date he was to pay interest on the principal sum.

The court below construed this promise to pay as conditional, that is, dependent upon the promise of Van Arsdale to make over and transfer his interest in the company and the stock of the company.

We are clearly of the opinion that the promise of Brown was an absolute promise to pay money and if conditional, then only conditional upon the transfer of Van Arsdale's interest in the company and the stock. The only issue in the case then upon the pleadings was whether the plaintiff had performed his ageeement to transfer his interest in the company.

There is no issue as to whether the stock was valuable or not, and no issue whether there was a subsequent agreement. A stipulation or agreement to transfer the stock of a corporation, whether solvent or insolvent imports that the stock is of some value, and for the purpose of making a binding contract it is not important how valuable. The parties in this contract incorporated in it their knowledge that the company was not making money, and that the plaintiff had been losing money in the venture. This seems to be a recital or statement of the reason for the sale of the plaintiff's interest and with that understanding and knowledge defendant promised and agreed to pay $700.00 for that interest. It is true he says " at his option as to time." That means nothing, however, more than a reasonable time after the date named. The date named as to the first installment is one year and as to the second installment, two years from the date of making the contract. A reasonable time then, after the expiration of these periods these several installments would become due. An authority to this fact is the case of Lewis v. Tipton, 10 O. S., 88. The court say in that case on page 90 : " The

payee certainly parted with its value to secure the promise, and the maker not only admits this, but promises to pay interest thereon while the payment is foreborne. It the convenience of the maker alone is to be consulted, he might never find it altogether convenient to pay, and the construction leads to results certainly not contemplated by the parties when the note was written.''

Whether a reasonable time is to be ascertained by the jury or as in this case, the court, from the facts, or whether it is a question of law, depends upon the nature of the transaction involved in the contract. We have had occasion to discuss this question in the case of Ashley v. Walker, 8 Ohio Circ. Dec., 285. 'The plaintiff in this case was entitled to recover upon this contract when he proved that he had transferred the stock to the defendant, regardless of whether the stock was valuable or not, regardless of whether it was understood or agreed orally that payment should be made when the concern was making money and this evidence admitted tends to vary the terms of the contract sued upon and was therefore improperly admitted.

It is insisted here that the judgment was given against the weight of the evidence. We have carefully read the entire bill of exceptions to ascertain whether that be so. It is a strong circumstance almost amounting to a presumption that the defendant would have been unlikely to enter into this contract and turn it over and deliver it to the plaintiff, containing his promise to pay $700.00, without requiring the execution by the plaintiff of his promise contained in the contract. That is one strong consideration in favor of the plaintiff's claim. Again, after the expiration of these periods of time named in the contract, plaintiff placed his claim in the hands of an attorney for collection, who testifies that he talked with the defendant two or three times and on each occasion defendant promised to pay, but sought to have more time given him in which to pay.

On neither of the occasions did he claim that the plaintiff had not performed his contract, nor did he on either of them deny his liability to pay the $700.00. More than this the defendant did make two payments during the year of 1897, and after the two installments had become due. He turned the money over directly to the plaintiff and on both occasions promised to pay the balance when he could, and on neither occasion claimed that he was not liable to pay because the plaintiff had not performed his part of the contract.

The plaintiff testifies positively to his performance of the contract before the delivery of it to him. He is corroborated in this by his wife, so that the plaintiff's evidence is corroborated by the circumstances of the case, and this is not disputed, save and except by the evidence of the defendant.

When the defendant was first called as a witness, he was asked if he had these certificates of stock, and he answered that he did not think that he had them. That he did not have them unless they were in a book which he then and there had in his possession. On looking in the book he failed to find them, and concludes that he did not have the certificates of stock.

He afterwards, on further examination, testifies positively that the stock was not turned over to him, but we think the weight of the evidence would have authorized a judgment in favor of the plaintiff in this case, and that the court below should have so found upon the evidence and the law. For the reason that the court erred in the admission of the

evidence referred to and because the judgment is contrary to the weight of the evidence, it is reversed.

*Judge Handy* and *Handy & Fuller*, attorneys for plaintiff in error. *Ham & Ham*, attorneys for defendant in error.

---

## HABEAS CORPUS.

[Erie Circuit Court, January 20, 1899.]

King, Haynes and Parker, JJ., at Chambers.